**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **B. A. W.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1197-CMS** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").  Doc. 2. This matter has been assigned to the undersigned Magistrate Judge pursuant to *In re: Social Security Cases*, G.O. 23-1 (W.D. Okla.) (eff. Jan. 6, 2023).  After careful review, the undersigned recommends that the Court deny the Application.

**I.    Discussion**

The filing fee for a civil case in this Court is $405.00.[2]  Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise."

---

[1] The Court refers to Plaintiff by initials to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

*White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

### A. Factors for consideration

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). Plaintiff appeals the Commissioner of Social Security's denial of benefits. Doc. 1. Even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

### B. Plaintiff's financial resources

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application). The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on his Application. Notably, Plaintiff attests he has $20,000.00 in cash or a savings account. Doc. 2 at 2. He also states he is unemployed but receives $30.00 each month from "high y[ie]ld savings interest" and $750.00 each month from family. *Id*. at 1. Plaintiff further attests he has $760.00 in monthly expenses:

- Groceries/food, $425.00;

- Fuel/auto, $145.00;

- Health/personal, $65.00;

- Student loans, $65.00; and

- Insurance, $60.00.

*Id.* at 2. In addition, Plaintiff attests he owns a vehicle valued at approximately $1,500.00, and he has $6,034.12 in student loan debt. *Id.*

Based on the information provided in the Application, the undersigned recommends the Court deny the Application. Plaintiff reports monthly income and proceeds that slightly exceed monthly expenses. More significantly, he attests to sufficient cash or savings to pay the filing fee—with $20,000.00 in cash or in a checking or savings account. *Id.* at 2. The undersigned therefore finds Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

## II.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by June 16,

2026. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

  **ENTERED** this 26th day of May, 2026.

             _____

             CHRIS M. STEPHENS
             UNITED STATES MAGISTRATE JUDGE

4